**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GABRIEL CHIO GUZMAN,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

No. 5:26-cv-6825-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

On November 13, 2026, Petitioner, a noncitizen presently detained in the custody of U.S. Immigration and Customs Enforcement ("ICE"), initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his ongoing detention as violative of the Constitution or laws or treaties of the United States. See Doc. No. 1. The Petition names as Respondents the Warden of the Adelanto ICE Processing Center where Petitioner is presently detained, the Field Office Director of ICE's Los Angeles Field Office, the Acting Director of ICE, the Secretary of Homeland Security, the Attorney General of the United States, all in their official capacity (collectively "Respondents"). Id.

Petitioner seeks a Writ of Habeas Corpus ordering Respondents to release him from immigration custody forthwith and that his release not be conditioned on the placement of electronic or GPS monitoring, use of an ankle monitor, enrollment in an Intensive Supervision Appearance Program ("ISAP"), or compliance with any newly imposed geographic, travel, or movement restrictions.

Id. at prayer ¶¶ c-d. Additionally, he seeks an injunction prohibiting Respondents from re-detaining him again absent a hearing before a neutral adjudicator. Id. at prayer ¶ d.

Concurrently with filing the Petition, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 3. On November 13, 2026, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 5. In the Notice of General Order 26-05, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," in an Answer to be filed no later than seven calendar days after the Clerk's Office issues the Notice of the General Order, here November 20, 2026. Id. at ECF pp. 1, 5. Respondents did not file any such Answer and have disregarded entirely the Court's directive that they "show cause why the writ of habeas corpus should not be granted." In addition, Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case, including their failure to contest any of the relief requested in the Petition, despite having notice of their obligation to do so and an opportunity to comply, to be their consent to granting the relief sought in the Petition for Writ of Habeas Corpus.

The Court therefore finds that Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release.

IT IS THEREFORE ORDERED that:

(A) Respondents shall immediately release Petitioner **GABRIEL CHIO GUZMAN (A-235-070-741)** from immigration custody. Such release shall not be conditioned upon placement of electronic or GPS monitoring, use of an ankle

monitor, enrollment in an Intensive Supervision Appearance Program ("ISAP"), or compliance with any newly imposed geographic, travel, or movement restrictions.

(B) Respondents are enjoined from re-detaining Petitioner absent compliance with applicable law.

(C) Respondents shall provide Petitioner with a copy of this Order at or near the time of release.

(D) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release.

The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

DATED: November 23, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE